Mr. Chief Justice Shareey
delivered the opinion of the court.
It would be wholly impossible, from the strange aspect of this case, for us to undertake to decide it correctly. An action was instituted on a promissory note, and the declaration is in the usual form. The defendants pleaded non-assumpsit and issue was taken. In addition to this plea we find on the record the following entry, to wit: “ 1. Set-off. 2. Payment. 3. Accord and satisfaction. 4. That the debt sued for has been extinguished by a mortgage which has become absolute. M’Elroy and Swift, attorneys for defendants.” “ Plaintiffs demur, in short, to defendants’ last plea. Hair and Labuzan, attorneys for plaintiffs.” “ And the said defendants join, in short, in demurrer by consent. M’Elroy and Swift, attorneys for defendants.” The court, it seems, overruled the demurrer to the defendants’ plea and gave judgment for the defendant. We cannot undertake to say whether this was right or wrong. There is nothing which to us appears like a plea in the record, except the general issue. We should be inclined to suppose from the record, that if such pleas as those mentioned were interposed, they must have been pleaded ore tenus, for certainly no such pleas appear on the record, nor is there a demurrer. We could not undertake to say whether the court erred or not in sustaining the demurrer in the absence of the plea, and if parties undertake to rely on such a system of pleading as that exhibited by this record, they must not expect to have a decision on the merits of such pleas from this court. It is *775 difficult to tell how the court below could have arrived at any conclusion in regard to the merits of the plea, unless something more was before it than we have. We must, however, entertain a presumption in favor of the decision of the circuit court, and as there is nothing in the record to justify any such decision, or any decision at all, it may be possible that the court had something more before it than we have.
The judgment must be affirmed.